LEHRMAN LAW GROUP
KATE S. LEHRMAN [Bar No. 123050]
klehrman@lehrmanlawgroup.com
JACQUELINE BRUCE CHINERY [Bar No. 187544]
jchinery@lehrmanlawgroup.com
ERIN TALLENT [Bar No. 274813]
etallent@lehrmanlawgroup.com
12121 Wilshire Boulevard
Suite 1300
Los Angeles, CA 90025
(310) 917-4500
(310) 917-5677 (FAX)

Attorneys for Defendant
BMW OF NORTH AMERICA, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOR GIGI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:18-cv-00426<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY); DECLARATION OF ERIN TALLENT**<br><br>DISCOVERY CUT-OFF:   NONE<br>MOTION CUT-OFF:   NONE<br>TRIAL DATE:   NONE |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that defendant BMW of North America, LLC (BMW NA or defendant), hereby removes to this Court the State Court action

described below pursuant to 28 U.S.C. section 1441, based upon diversity jurisdiction as defined by 28 U.S.C section 1332.

1. On December 14, 2017, an action was commenced in the Superior Court of the State of California, County of Los Angeles, Case Number BC686864, entitled Naor Gigi v. BMW of North America, LLC, and Does 1 through 20, inclusive.

2. BMW NA is the only named defendant in this action.

3. BMW NA was served with the Summons and Complaint on December 18, 2017 through its designated agent for service of process, CT Corporation System. (Declaration of Erin Tallent (Tallent Decl.) ¶ 2, Exhibit A). It was on that date that BMW NA received, through service or otherwise, a copy of a pleading, Motion, Order or other paper from which fit could first be ascertained that the case is one which is removable.

4. On January 16, 2018, BMW NA filed its Answer to the Complaint in State Court. (Tallent Decl. ¶3, Exhibit B). Aside from the filing of the Summons and Complaint and Answer, no further proceedings have been had in the state Court action.

5. The above-described action is a civil action of which this Court has original jurisdiction under the provisions of Title 28, Section 1332 of the United States Code, and is one that may be removed to this Court by defendant, pursuant to Title 28, Section 1441, subdivision (b) of the United States Code, in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states, according to the following facts:

6. The Superior Court of the State of California for the County of Los Angeles is located in the Central District of California, Western Division. Therefore, venue is proper pursuant to 28 U.S.C. section 84 because this is the

///

1  "district and division within which such action is pending..." (See 28 U.S.C.
2  §1446, subd. (a).)
3      7.    No previous application has been made for the relief requested herein.
4      8.    Pursuant to 28 U.S.C. section 1446, subdivision (d), a copy of this
5  Notice of removal is being served upon counsel for plaintiff, and a copy is being
6  filed with the clerk of the Superior Court of the State of California for the County
7  of Los Angeles.

## I.

## REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISTICTION PURSUANT TO 28 U.S.C. §§1332 AND 1441

**A.** **Diversity of Citizenship Exists**

12     9.    The basic requirement in diversity cases is that all plaintiffs be of different citizenship than all defendants. Any instance of common citizenship prevents federal diversity jurisdiction. For diversity purposes, a natural person is a "citizen" of the state which he or she is domiciled. (*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).) A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. (*Kanter v. Warner-Lambert Co.*, 265 F.3d. 853, 857 (9th Cir. 2001).) A corporation, on the other hand, is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. (28 U.S.C. §1332, subd. (c)(1).)

22     10.    For removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. (*Strotek Corporation v. Air Transport Association of America*, 300 F.3d 1129, 1131 (9th Cir. 2002).) A case is removable on diversity grounds if diversity of citizenship can be ascertained from the face of plaintiff's Complaint or this fact is disclosed in pleadings, motions or papers "from which it may first be ascertained that the case is one which is or has become removable..." (28 U.S.C. § 1446, subd. (b)(3).)

11. Plaintiff Naor Gigi, at the time this action was commenced, was and still is a citizen of the State of California. This is established by the Complaint (*See* Tallent Decl., ¶2,4 Exhibit A, Complaint, at ¶1.)

12. Defendant BMW NA, at the time this action was commenced, was and still is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the State of New Jersey, and was not and is not organized under the laws of the State of California, wherein this action was brought. (Tallent Decl., ¶5.) The sole member of BMW NA is BMW (US) Holding Corp., which was and still is organized under the laws of the State of Delaware, with its principal place of business in the State of New Jersey, and was not and is not organized under the laws of the State of California, wherein this action was brought. (Tallent Decl., ¶5.)

13. Complete diversity exists as of the time the action was commenced in state court and at the time of removal, and there are no other named defendants that can defeat diversity. "Doe" defendants may be ignored for removal purposes. (*See Salveson v. Western State Bank Card Assn.*, 731 F.2d 1423 (9th Cir. 1984).)

**B.     The Amount in Controversy Requirement Is Satisfied**

14. The amount-in-controversy exceeds $75,000.00 for the following reasons:

    (i) The action arises out of plaintiff's lease of a 2015 BMW X5, VIN 5UXKR6C55F0J76624 (*See* Tallent Decl., ¶2; Exh. A, Plaintiff's Complaint at ¶5-6);

    (ii) Plaintiff leased the subject vehicle for a total consideration over the term of the leasing contract of approximately $57,700.00 (*See* Tallent Decl., ¶2; Exh. A, Plaintiff's Complaint at ¶6). Plaintiff alleges damages in the amount actually paid or payable under the contract, plus prejudgment interest, as well as incidental and consequential damages. (*See* Tallent Decl.,

¶2; Exh. A, Plaintiff's Complaint at ¶22-23). Plaintiff is also seeking a civil penalty, as provided in the Song-Beverly Warranty Consumer Act, in an amount not to exceed two times the amount of Plaintiff's actual damages and for actual attorneys fees reasonably incurred. (*See* Tallent Decl., ¶2; Exh. A, Plaintiff's Complaint at Prayer for Relief, Page 9, section D and E). The Song-Beverly Act allows recovery of a civil penalty of up to two times the amount of actual damages. California Civil Code section 1794, subdivision (e).

14. Under the Song-Beverly Act restitution includes the "actual price paid *or payable* by the buyer." Cal. Civil Code §1793.2(d)(2)(B) (Emphasis supplied.) Finance charges are also recoverable by the buyer in a Song-Beverly case. *Mitchell v. Blue Bird Body Co.*, 80 Cal.App.4th 85 (2000).

15. Civil penalties under the Song-Beverly Act are properly included in the amount in controversy. *Brady v. Mercedes Benz,* 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). *See also Chabner v. United of Omaha Life Ins. Co.,* 225 F.3d 1042, 1046, n.3 (9th Cir. 2000) (civil penalties under Cal. Civ. Code § 52(a) and punitive damages are included in the amount in controversy). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co. v. Owens* (2014) 135 S.Ct. 547, 553.

16. Plaintiff's Complaint, seeks in excess of $75,000 in monetary damages. (*See Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999) (amount in controversy requirement may be established by showing that such damages are "facially apparent" from the plaintiff's Complaint, or by setting forth facts in the notice of removal that support a finding of the requisite amount). Specifically, Plaintiff alleges to be seeking the amount paid or payable under the

contract, and alleges that amount is $57,700.00. While the consequential and incidental damages claimed are not identified, using the contract of amount of $57,700.00, Plaintiff is seeking a civil penalty of up to $115,400.00 ($57,700.00 x 2). As such, the amount in controversy is met.

17. This removal notice is timely filed as it is filed within 30 days after BMW NA's service of the Complaint, from which it could first be ascertained that the case is one which is removable, in accordance with Rule 6 of the Federal Rules of Civil Procedure. Therefore, removal of this case is proper.

18. Based upon the foregoing, all requirements for diversity jurisdiction and removal jurisdiction have been met. Defendant BMW NA therefore requests that this action now pending against it in the Superior Court of California, County of Los Angeles, be removed to this Court, and that this Court assume complete jurisdiction in this matter.

19. Defendant BMW NA will promptly notify plaintiff and the Superior Court of this removal as required by 28 U.S.C. section 1446, subdivision (d).

**WHEREFORE**, BMW NA prays that the above action now pending against it in the Superior Court of California, County of Los Angeles, be removed therefrom to this Court.

DATED: January 17, 2018

LEHRMAN LAW GROUP
KATE S. LEHRMAN
JACQUELINE BRUCE CHINERY
ERIN TALLENT

By: /s/ Erin Tallent
Erin Tallent
Attorneys for Defendant
BMW OF NORTH AMERICA, LLC